IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PAUL GRAHAM          Plaintiff | * |
| v. | * CIVIL ACTION NO. CCB-06-2423 |
| GEORGE BUSH, et al.,          Defendants | * |
| | *** |

## MEMORANDUM

Plaintiff, a detainee at the Baltimore City Detention Center, filed a pro se letter petition on September 15, 2006. The petition is somewhat unclear and difficult to decipher. It appears that plaintiff seeks to bring criminal charges against all members of the state judiciary who have presided over his criminal cases. Paper No. 1. Plaintiff also names the President of the United States as a party defendant and states that he is entitled to "200 million dollars" in damages. *Id*.

To the extent that plaintiff seeks to bring criminal charges against others, he has failed to allege a violation of a constitutional right, because "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973); *see also Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987). Indeed, there is no constitutional, statutory, or common law right requiring a public official to investigate or prosecute a crime; instead, such investigations and prosecutions are discretionary public duties left to state court commissioners and states attorneys. *See Doe v. Mayor and City Council of Pocomoke City*, 745 F.Supp. 1137, 1139 (D. Md. 1990).

To the extent that plaintiff seeks to attack pending criminal charges or recent convictions and is seeking release from confinement, his action shall be treated as a 28 U.S.C. § 2241 habeas petition. A district court will generally not intervene in ongoing state court criminal matters until

the state judicial remedies available to a petitioner have been fully exhausted. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609-610 (1975). Moreover, for a federal court to exercise its habeas corpus power to stop state criminal proceedings, "special circumstances" must exist. *See Braden v. 30th Judicial Circuit*, 410 U.S. 484, 489 (1973); *Dolack v. Allenbrand*, 548 F.2d 891, 893 (10th Cir. 1977). Such extraordinary circumstances include: bad faith prosecution; prosecution under patently unconstitutional statutes; or prosecution before a biased state tribunal. *See Younger v. Harris*, 401 U.S. 37 (1971); *Moore v. Sims*, 442 U.S. 415 (1979).

Plaintiff remains at the Baltimore City Detention Center, an indication that he is either awaiting trial or has just been convicted and is awaiting sentencing  Clearly he has not exhausted his state court remedies. Further, assuming without deciding that he has raised viable claims under the United States Constitution, his allegations do not raise substantive grounds for federal court intervention in his pending state prosecution by means of a pre-trial § 2241 habeas petition. *See e.g., Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987). The merits of the habeas petition shall not be considered by this court.   Accordingly, a separate order shall be entered dismissing this action without prejudice.


Date: September 22, 2006              /s/
                                      Catherine C. Blake
                                      United States District Judge